IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-191-BO
NO. 5:12-CV-106-BO

| | |
|---|---|
| MICHAEL LEONARD WOODARD, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | **O R D E R** |

This matter is before the Court on petitioner's supplemental brief in support of his motion pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the petition, and the matter is ripe for ruling. For the reasons discussed below, the government's motion [DE 98] is granted.

## BACKGROUND

On November 16, 2010, petitioner, Mr. Woodard, pleaded guilty pursuant to a plea agreement to possession with intent to distribute marijuana and MDMA in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Mr. Woodard was sentenced to a total term of imprisonment of 180 months on March 31, 2011. Mr. Woodard filed a direct appeal, and the court of appeals affirmed his conviction and dismissed the appeal of his sentence by opinion entered October 18, 2011. Mr. Woodard filed a motion pursuant to 28 U.S.C. § 2255 motion on March 1, 2012, alleging that he was no longer a career offender in light of the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

By order entered April 25, 2012, this Court granted Mr. Woodard's § 2255 motion. Mr. Woodard was resentenced without the career offender enhancement on June 26, 2012. The government noticed an appeal, and by opinion entered June 6, 2013, the court of appeals vacated this Court's order and remanded the matter for re-entry of Mr. Woodard's original judgment. The court of appeals specifically held that the waiver in Mr. Woodard's plea agreement barred collateral attack on his sentence. *United States v. Woodard*, 523 F. App'x 262, 263 (4th Cir. 2013) (per curiam) (unpublished). Mr. Woodard's original judgment was re-entered in this Court on September 4, 2013, after issuance of the mandate of the court of appeals.

On August 4, 2014, Mr. Woodard, appearing through counsel, moved for leave to file a supplemental brief in support of his § 2255 motion in order to address a claim that Mr. Woodard received the ineffective assistance of counsel.[1] The motion for leave was granted, and the government has moved to dismiss the supplemental brief.

## **DISCUSSION**

Mr. Woodard argues in his supplemental brief that, at the time of and prior to his Rule 11 proceedings, his trial counsel advised him that he could be entitled to relief on collateral attack if the Fourth Circuit reconsidered in *Simmons* how a defendant's prior North Carolina convictions would qualify as predicates for career offender and Armed Career Criminal determinations. *See* U.S.S.G. 4B1.1; 18 U.S.C. § 924(e). Thus, Mr. Woodard argues that he never knowingly waived his right to challenge his career offender designation in light of *Simmons*.

---

[1] In his original § 2255 brief, Mr. Woodard, through counsel, noted that if this Court found that Mr. Woodard's challenge to his career offender enhancement was barred by his plea waiver, trial counsel believed that she may have provided Mr. Woodard with ineffective assistance and asked that new counsel be appointed so that Mr. Woodard could pursue an ineffective assistance of counsel claim. [DE 51 at 7]. Because the Court granted Mr. Woodard relief on the merits of his *Simmons*-based career offender challenge, it did not consider whether Mr. Woodard's potential ineffective assistance claim.

2

In order to demonstrate that the assistance of counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697.

The court of appeals has recently addressed by published opinion the question of whether a petitioner may challenge his career offender designation on collateral attack based on a change in the law, and has answered that question in the negative. *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015), *cert. denied* 135 S.Ct. 2850 (2015) (an erroneous "career offender designation [is] not a fundamental defect that inherently results in a miscarriage of justice" such that it would be cognizable on collateral review."); *see also United States v. Holt*, 602 F. App'x 133, 134 (4th Cir. 2015)(unpublished) ("a *Simmons*-based challenge to a federal prisoner's sentence is not cognizable in a § 2255 proceeding."). Thus, counsel's advice to Mr. Woodard that he could still challenge his career offender designation after the court's holding in *Simmons* has proven to be erroneous and potentially fell below an objective standard of reasonableness. However, the relief which Mr. Woodard seeks, the ability to re-enter his plea of guilty *without* a plea agreement so that he might challenge his career offender designation, is not relief which this Court may fashion.

In order to establish *Strickland* prejudice in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59

3

(1985). Mr. Woodard does not contend that had he received better advice from counsel he would not have pleaded guilty and would have insisted on going to trial. Rather, he argues that he would have insisted on pleading guilty without a plea agreement, and specifically states that he does not now "seek to withdraw his guilty plea so that he can proceed to trial." [DE 92 at 8]. Under *Hill*, Mr. Woodard has not alleged any actual prejudice that could be remedied by a finding that counsel was, in fact, ineffective.

Furthermore, as to his argument that he never knowingly waived his right to raise a *Simmons* challenge, the court of appeals determined on Mr. Woodard's direct appeal that the appeal waiver contained in his plea agreement was knowing and voluntary and that the *Simmons* issue fell within the scope of that waiver. *United States v. Woodard*, 523 F. App'x 262, 263 (4th Cir. 2013)(unpublished) (citing *United States v. Woodard*, 450 F. App'x 310 (4th Cir. 2011)). The court of appeals has noted in Mr. Woodard's case that it sees "no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." 523 F. App'x at 263 (quoting *United States v. Lemaster*, 403 F.3d 216, 220 n.2 (4th Cir. 2005)). Thus, the law of this case provides that Mr. Woodard's collateral attack waiver was knowing and voluntary and that it specifically encompassed the right to challenge his career offender designation under *Simmons*.

For these reasons, this Court is without the power to grant Mr. Woodard relief on his supplemental brief in support of his § 2255 motion. The government's motion to dismiss is therefore granted.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by

4

demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing Mr. Woodard's claim in light of the applicable standard, the Court has determined that the issue presented by petitioner's supplemental brief is adequate to deserve encouragement to proceed further. Mr. Woodard has throughout his proceedings before this Court and the court of appeals maintained his contention that he is not subject to the career offender enhancement under U.S.S.G. §4B1.1. Moreover, no party contends that, following *Simmons*, he is properly classified as a career offender. Under both the letter and spirit of 18 U.S.C. § 3553(a), a just and fair sentence is one which is based on the individual characteristics of the defendant, and the obstacles placed in Mr. Woodard's path because his of the timing of his career offender challenge serve to defeat the fair application of the rules of law. It is for these reasons that the Court finds a basis to grant a certificate of appealability so that the court of appeals might determine whether Mr. Woodard should be permitted to proceed and be granted relief.

## **CONCLUSION**

For the reasons discussed above, the government's motion to dismiss [DE 98] is GRANTED. A certificate of appealability is GRANTED.

SO ORDERED, this __/__ day of September, 2015.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE