IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-191-BO
NO. 5:16-CV-550-BO

| | |
|---|---|
| MICHAEL LEONARD WOODARD, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | **ORDER** |

This matter is before the Court on petitioner's motion pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the petition, and the matter is ripe for ruling. For the reasons discussed below, the government's motion [DE 133] is granted.

## BACKGROUND

On November 16, 2010, petitioner, Mr. Woodard, pleaded guilty pursuant to a plea agreement to possession with intent to distribute marijuana and MDMA in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Mr. Woodard was sentenced to a total term of imprisonment of 180 months on March 31, 2011. Mr. Woodard filed a direct appeal, and the court of appeals affirmed his conviction and dismissed the appeal of his sentence by opinion entered October 18, 2011.

Mr. Woodard's postconviction history is noted more fully in the Court's order entered September 1, 2015, [DE 103] which is incorporated herein by reference. As is relevant to the currently pending motions, Mr. Woodard received permission from the court of appeals to file a second or successive § 2255 motion on June 20, 2016, in order to raise a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). On November 30, 2016, the Court stayed this matter

pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. After the opinion in *Beckles* was handed down, the government moved to lift the stay and filed the instant motion to dismiss. Mr. Woodward, who is represented by counsel, did not respond to the motion to dismiss and the time for doing so has expired.

## DISCUSSION

In his § 2255 motion, Mr. Woodard argues that he is no longer a career offender under U.S.S.G. § 4B1.1 in light of *Johnson*. In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of the Armed Career Criminal Act's[1] violent felony definition, which defines a violent felony to include one which "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. 2557. The Supreme Court held that the residual clause is unconstitutionally vague and that to increase a defendant's sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

However, and in contrast to the ACCA, the Supreme Court held in *Beckles* that the United States Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) ("Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge."). *Beckles*

---

[1] The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), provides for enhanced punishments for those offenders who have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is defined by the statute as any crime punishable by more than one year imprisonment that
    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
    (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;
18 U.S.C. § 924(e)(2)(B).

2

specifically forecloses the argument raised by Mr. Woodard, namely that the rule announced in *Johnson* invalidated U.S.S.G. § 4B1.2(a)'s residual clause. *Id.* at 897. Accordingly, the Court finds that Mr. Woodard has failed to state a claim upon which relief can be granted and the government's motion to dismiss is properly allowed.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of Mr. Woodard's § 2255 motion debatable, a certificate of appealability is DENIED.

## **CONCLUSION**

For the foregoing reasons, the government's motion to dismiss [DE 133] is GRANTED and petitioner's motion pursuant to 28 U.S.C. § 2255 [DE 120] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __16__ day of May, 2018.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3